GEORGE SAUNDERS v. JOHN P. OSGOOD.

In assumpsit on account annexed, the plaintiff cannot go outside of his specification, either in respect to debt or credit, without an amendment ; and, therefore, proof that an item of credit was entered by mistake is incompetent.

ASSUMPSIT.   The count in the declaration was for a balance due the plaintiff on account, according to an account annexed to the writ.   This account was for several lots of lumber, stating the number of feet and the price per thousand feet, with the amounts carried out, and there were credits given on this account, one of which was a credit for "cash paid Hubbard per order, $110.00."

On opening the case to the jury, the plaintiff moved for leave to amend his writ, by increasing the *ad damnum*, and also by increasing the balance of account sued for, in the sum of $110.00, and to amend the account annexed to said writ, by striking out the credit of $110.00, aforesaid.   The court reserved the question of amendment until after verdict, but ruled that the plaintiff might introduce evidence to show that the credit of $110.00 was an error ; that no such sum had ever been paid by defendant, to be applied or allowed upon the account sued in this case ; and that if any such payment had ever been made by defendant, it was made to be applied upon another and a different account from this, and suggested to the counsel, that, if under this ruling the amendment proposed became necessary by the verdict of the jury, in order to do justice between the parties, it would be allowed upon such terms as might seem just.

The jury returned a verdict for the plaintiff, under which the proposed amendment is not needed and will not be allowed.

To this course of proceeding by the court, and to the above ruling as

to the admissibility of the testimony aforesaid, the defendant excepted.

*Flanders, Minot & Mugridge*, for plaintiff.

*Norris & Rogers* and *Pike & Barnard*, for defendant.

BELLOWS, J.    The question is whether it was competent for the plaintiff to prove that the credit which he had given the defendant, of $110.00, was an error, and therefore should be disallowed.

So far as respects the items of the plaintiff's claim on the debit side of the account, it is quite clear that he is limited to his specification and cannot go outside of it.    In this mode of declaring for a balance according to the account annexed, the specification is a substantial part of the declaration, and the plaintiff cannot go beyond it, although, where there are several distinct items, he is not bound to prove all of them.

When the count is general, and a bill of particulars, or, as we term it, a specification, is furnished under an order of court, it becomes a part of the declaration, and is incorporated with it, and the plaintiff cannot go beyond it without an amendment by leave of court, and the same rule applies to a plea or notice of set-off.    1 Tidd Pr. 537, and cases cited; *Holland* v. *Hopkins*, 2 B. & P. 243; 2 Saund. on Pl. and Evi. 699; 1 Phillips' Evi. 190; 3 Starkie's Evi. 1055, *Currier* v. *Boston & Maine R. R.*, 31 N. H. 220; *Dean* v. *Mann*, 28 Conn. 355.

The object of the bill of particulars is, of course, to apprise the opposite party of the claims made upon him, so fully as to guide him in his preparations for trial; and the decisions referred to are put upon the ground, that to allow the party furnishing such specification to go beyond it would be a surprise upon the other party.

The same doctrine, we think, must apply in the case before us; and the only question that can be made is whether there is a distinction between the items of debt and credit in such a case.    In the authorities we find no such distinction, nor is any suggested to us; on the contrary, the same reason applies to both cases, and the defendant is surprised and misled by proof that the credit was erroneous, as much as he would be by proof that larger sums ought to have been charged, or that defendant owed the plaintiff in another form.

The plaintiff sues for the balance of his account after deducting the credit of $110.00, &c.; the defendant has a right to assume that to be the extent of the claim and to prepare himself accordingly.    It is urged that if, on finding the plaintiff disposed to show the credit to be erroneous, the defendant is surprised and unprepared, he should apply for delay; but it is obvious that the same suggestion might be made with equal force when the plaintiff offered to prove that by mistake the charges on the other side of the account were too low, and still it is clear on the authorities that this could not be done.

In all these cases the true remedy for a mistake in the specification is by motion to amend it; and if a proper case is made it will be granted on such terms as shall be deemed just, and then the record will stand right.    If, however, the plaintiff be allowed to go beyond his specifica-

tion, and prove the item of credit to be erroneous, the question might arise in a subsequent proceeding whether the credit had been allowed or had been adjudicated.    Upon the face of the record it would appear to have been allowed and adjudicated, and it would be so taken, until the defendant could prove, against the record, that it had been disallowed on such ground as to give him a right to proceed in another form.

Other difficulties would readily be suggested as likely to arise from such a course, which might easily be avoided by applying the general rule that a party is limited by his specification to the case as he states it—the same substantially as if incorporated into his declaration; and then, on an application to amend, he can be relieved, if he ought to be, upon making proper indemnity to the other side.

With these views there must be

*A new trial.*